UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| KIMBERLY MARKS | CIVIL ACTION NO. 6:16-cv-00419 |
| VERSUS | JUDGE JAMES |
| WAL-MART LOUISIANA, LLC, ET AL. | MAGISTRATE JUDGE HANNA |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

This lawsuit originated in the 15th Judicial District Court, Acadia Parish, Louisiana. It was removed by defendant Wal-Mart Louisiana, LLC. (Rec. Doc. 1). In its removal notice, Wal-Mart alleged that the court has subject-matter jurisdiction over this action, under 28 U.S.C. § 1332. To remove a case under that statute, a defendant must demonstrate that all of the prerequisites of diversity jurisdiction are satisfied.[1] Therefore, the removing defendant must establish that the amount in controversy exceeds $75,000 and the parties are diverse in citizenship.[2] In this case, Wal-Mart, the removing defendant, must bear that burden.

---

[1] *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc*).

[2] 28 U.S.C. § 1332; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

    **a.**    **The Amount in Controversy**

Although it is not facially apparent from a review of the plaintiff's petition that the amount in controversy exceeds the jurisdictional minimum, Wal-Mart represented, in its removal notice, that the plaintiff underwent right knee surgery as a result of the subject accident and has not been able to return to work as a truck driver for Progressive Waste Solutions since the accident on October 31, 2015.  (Rec. Doc. 1 at 4).  Accordingly, the undersigned Magistrate Judge is satisfied that the amount-in-controversy requirement is met in this case.

    **b.**    **Diversity of Citizenship**

When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[3]  The petition alleges that the plaintiff is a resident of the state of Louisiana.  The citizenship of a natural person is determined by the state in which he or she is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[4]  Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[5]  Evidence of a person's place of residence, however, is

---

[3]     *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

[4]     *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[5]     *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

*prima facie* proof of his domicile.⁶ For that reason, the undersigned will accept that the plaintiff is a Louisiana citizen if there is no objection from the defendants.

The petition alleges that defendant Brent Dietz is also a Louisiana resident. The same analysis applies to him.

The petition alleges that defendant Wal-Mart Louisiana, LLC is a foreign corporation. It appears, however, that Wal-Mart is not a corporation but a limited liability company. A limited liability company is a citizen of every state in which any member of the company is a citizen,⁷ and "the citizenship of a LLC is determined by the citizenship of *all* of its members."⁸ Therefore, the diversity analysis for a limited liability company requires a determination of the citizenship of every member of the company.⁹ If any one of the members is not diverse, the company is not diverse.

In its removal notice, Wal-Mart began the process of identifying all of its members but did not complete the process. Wal-Mart stated that the sole member of Wal-Mart Louisiana, LLC is Wal-Mart Stores East, LP. "For purposes of federal

---

⁶ *Hollinger*, 654 F.3d at 571.

⁷ *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

⁸ *Harvey v. Grey Wolf*, 542 F.3d at 1080. [Emphasis added.]

⁹ See, *Harvey v. Grey Wolf*, 542 F.3d at 1080; *Grupo Dataflux v. Atlans Global Group, L.P.*, 541 U.S. 567, 585, n. 1 (2004) (noting that courts of appeal have held that the citizenship of each member of a limited liability company counts for diversity purposes).

diversity jurisdiction, the partnership itself is considered a citizen of every state of which a general or a limited partner is a citizen."[10]  Wal-Mart stated that the general partner of Wal-Mart Stores East, LP is WSE Management, LLC and that its limited partner is WSE Investment, LLC.  Because both of those are limited liability companies, their citizenship is that of their members.  Wal-Mart stated that the sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, another limited liability company.  Instead of identifying the members of Wal-Mart Stores East, LLC, however, Wal-Mart stated that Wal-Mart Stores East, LLC is a wholly-owned subsidiary of Wal-Mart Stores, Inc.  Wal-Mart Stores, Inc. may or may not be a member – or the sole member – of Wal-Mart Stores East, LLC.  Until the members of Wal-Mart Stores East, LLC are identified and their citizenship established, however, the undersigned magistrate judge cannot determine the citizenship of Wal-Mart Louisiana, LLC or determine whether the plaintiff is diverse in citizenship from the defendants.

    c.    **Improper Joinder**

Even if Wal-Mart Louisiana, LLC is diverse in citizenship from the plaintiff, it appears that Mr. Dietz is not.  Wal-Mart argues, however, that Mr. Dietz's

---

[10] *Bankston v. Burch*, 27 F.3d 164, 166 (5th Cir. 1994), citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96; *Whalen v. Carter*, 954 F.2d 1087, 1094–95 (5th Cir. 1992). See, also, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d at 1079.

citizenship should not be considered – and that he need not join in the removal – because he was improperly joined as a defendant for the purpose of defeating diversity.  On the record as it currently exists, the undersigned Magistrate Judge cannot determine whether Mr. Dietz was improperly joined.

## Conclusion

Accordingly,

IT IS ORDERED that, not later than May 24, 2016, Wal-Mart Louisiana, LLC shall file a memorandum (a) setting forth specific facts (supported with summary-judgment-type evidence) establishing that the parties are diverse in citizenship, and (b) addressing (with citation to supporting caselaw) the improper joinder issue.  The defendants will then be allowed seven days to respond to Wal-Mart's submission.

Signed at Lafayette, Louisiana, this 3rd  day of May 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE