UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KIMBERLY MARKS                          CIVIL ACTION NO. 6:16-cv-00419

VERSUS                                  JUDGE JAMES

WAL-MART LOUISIANA, LLC                 MAGISTRATE JUDGE HANNA
AND/OR WAL-MART STORES,
INC., ET AL.

## REPORT  AND  RECOMMENDATION

This matter came before the undersigned Magistrate Judge on a *sua sponte* jurisdictional review.  For the following reasons, the undersigned finds that defendant Brent Dietz was improperly joined as a defendant in this lawsuit, finds that this Court has jurisdiction over this matter under 28 U.S.C. § 1332, and recommends that the plaintiff's claim against Mr. Dietz be dismissed without prejudice.

### FACTUAL AND PROCEDURAL BACKGROUND

According to her petition, plaintiff Kimberly Marks was allegedly injured while shopping at a Wal-Mart store in Crowley, Louisiana, on October 31, 2015.  She claims that, as she grabbed a case of water off of a shelf, she turned toward her shopping cart and stepped directly on a case of merchandise that had been left unattended directly in her path in the aisle, causing her to fall to the floor injuring her right knee.  (Rec. Doc. 1-2 at 1).  Ms. Marks sued Wal-Mart Louisiana, LLC and/or

Wal-Mart Stores, Inc.[1] (hereinafter "Wal-Mart") and Brent Dietz, alleging that her accident and injuries were caused by their negligence.  The petition does not identify Mr. Dietz as a Wal-Mart employee, describe how his actions or omissions caused her accident or her injuries, or differentiate any liability that he might have from Wal-Mart's alleged liability.

Wal-Mart removed the action from state court, alleging that the federal court has subject-matter jurisdiction under 28 U.S.C. § 1332, which confers jurisdiction in civil actions when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00.  This Court reviewed the pleadings to determine whether the requirements for diversity jurisdiction were satisfied.  This Court found that the allegations set forth in the plaintiff's petition combined with additional information set forth in the defendant's removal notice are sufficient to establish that the amount in controversy requirement is satisfied because the plaintiff has undergone knee surgery causally connected to the injury described in her petition.  (Rec. Doc. 8 at 2).

With regard to the citizenship of the parties, this Court originally found that the plaintiff had not sufficiently alleged that she and defendant Wal-Mart are diverse in citizenship.  (Rec. Doc. 8 at 3-4).  Wal-Mart was ordered to submit evidence

---

[1]     Wal-Mart Louisiana, LLC answered the petition, stating that it was erroneously sued as Wal-Mart Louisiana, LLC and/or Wal-Mart Stores, Inc.  That same entity removed this action.

establishing that it is diverse in citizenship from the plaintiff. (Rec. Doc. 8 at 5). Wal-Mart complied with the order (Rec. Docs. 9, 10), submitted additional information, and this Court now finds that Wal-Mart and the plaintiff are diverse in citizenship.

The plaintiff alleged that both she and defendant Brent Dietz are residents of Louisiana. These allegations were sufficient to establish, on a *prima facie* basis, that both are citizens of Louisiana. In response to this Court's order, additional evidence was presented establishing that Mr. Dietz is a citizen of Louisiana. (Rec. Doc. 9-1 at 1). Therefore, diversity is not complete. In its removal notice, however, Wal-Mart argued that Mr. Dietz was improperly joined as a defendant in the lawsuit for the purpose of destroying diversity and further argued that, because he was improperly joined, his citizenship should be disregarded. (Rec. Doc. 1 at 2). This Court ordered Wal-Mart to brief the improper joinder issue and afforded the plaintiff an opportunity to respond. (Rec. Doc. 8 at 5). Wal-Mart complied with the order (Rec. Docs. 9, 10) but the plaintiff chose not to weigh in on the issue.

## ANALYSIS

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[2] Therefore, the removing defendant must bear

---

[2]       *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-1254 (5th Cir. 1998).

that burden in this case.   The removing defendant also bears the burden of demonstrating improper joinder.[3]

Improper joinder may be established by demonstrating either that there was actual fraud in the pleading of jurisdictional facts or by demonstrating the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[4]   In this case, no fraud has been alleged, but the defendants argue that the plaintiff cannot recover against Mr. Dietz.  When there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant, the defendant has been improperly joined.[5]

To determine whether a reasonable basis exists upon which a plaintiff may recover, a Rule 12(b)(6)-type analysis may be utilized or, if the plaintiff has stated a claim but has misstated or omitted discrete facts that would determine the propriety of joinder, this Court may pierce the pleadings and conduct a summary inquiry.[6] When utilized, a summary inquiry allows a district court to look beyond the pleadings

---

[3]     *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

[4]     *Smallwood v. Illinois Central*, 385 F.3d 568, 573 (5th Cir. 2004).

[5]     *Smallwood v. Illinois Central*, 385 F.3d at 573.

[6]     *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. App'x 911, 915-16 (5th Cir. 2009), citing *Smallwood v. Illinois Central*, 385 F.3d at 573.

and consider summary judgment-type evidence.[7]   A summary inquiry should only be used to identify discrete and undisputed facts that would bar a plaintiff's recovery against an in-state defendant.[8]   "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."[9]

In response to this Court's briefing order, Wal-Mart submitted Mr. Dietz's affidavit (Rec. Doc. 9-1 at 1-2), in which he stated that he was, both at the time of Ms. Marks's accident and at the time of the preparation of the affidavit, a co-manager of the Wal-Mart store where the accident occurred.  Mr. Dietz stated that he did not place the box of merchandise in the aisle where Ms. Marks allegedly tripped, and he further stated that he did not cause the box to be placed there.  Mr. Dietz also stated that he had no knowledge that the box was in the aisle before the accident occurred.  After the accident, however, he investigated the facts of the accident, obtained photographs, obtained written statements, and prepared an accident report.

The analysis set forth in *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973), governs whether Mr. Dietz may be held personally liable to a third person.[10]

---

[7]      *Anderson v. Georgia Gulf*, 342 Fed. App'x at 916

[8]      *Anderson v. Georgia Gulf*, 342 Fed. App'x at 916

[9]      *Smallwood v. Illinois Central*, 385 F.3d at 574.

[10]      See, e.g., *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 514 (5th 2009).

Under *Canter*, an employee is personally liable only when (1) the employer owes a duty of care to the third person, the breach of which has caused the damage for which recovery is sought; (2) that duty was delegated by the employer to the employee; (3) the employee breached that duty through personal (not technical or vicarious) fault; and (4) the employee had a personal duty toward the injured third party, the breach of which specifically caused the third party's damages.  Further, the employee cannot be held liable simply because of his general administrative responsibility for performance of some function of the employment.  Therefore, "in order for an individual employee to be liable to a third person, the plaintiff must show that the employee breached an independent, personal duty to the customer."[11]

In this case, there is no allegation that Wal-Mart delegated a particular duty to Mr. Dietz, which Mr. Dietz personally owed to Ms. Marks, much less any evidence to support such a contention.  The evidence presented does establish, however, that Mr. Dietz did not place the box in the aisle, did not instruct anyone else to do so, and had no notice that a box was in the aisle before Ms. Marks's alleged accident. Accordingly, the undersigned finds that there is no reasonable basis on which to predict that Ms. Marks might be able to recover against Mr. Dietz.  Because Wal-Mart has satisfied its burden of demonstrating that there is no reasonable possibility

---

[11]        *Brady v. Wal-Mart Stores, Inc.*, 907 F.Supp. 958, 960 (W.D. La. 1995).

of recovery by the plaintiff against Mr. Dietz, the undersigned finds that Mr. Dietz was improperly joined as a defendant in this lawsuit.[12]

When Mr. Dietz's citizenship is disregarded, as it must be since he was improperly joined, the plaintiff and the remaining defendant are diverse in citizenship.  Having previously found that the amount in controversy exceeds the jurisdictional minimum, and now having found that the parties are diverse in citizenship, the undersigned finds that this Court has jurisdiction over this matter, under 28 U.S.C. § 1332.

"Summary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery."[13]  Therefore, the undersigned having found that the plaintiff has no reasonable possibility of recovery against the non-diverse defendant, Mr. Dietz, the undersigned recommends that summary judgment be entered *sua sponte* in favor of Mr. Dietz and against the plaintiff, dismissing the

---

[12]    *Weeks v. Freds Stores of Tennessee Inc.*, No. 15-CV-02297, 2016 WL 2969614, at *1 (W.D. La. Apr. 20, 2016), report and recommendation adopted, 2016 WL 2978626 (May 20, 2016); *Riggio v. Wal-Mart Stores, Inc.*, No. 14-0442, 2014 WL 3378669, at *1 (W.D. La. July 9, 2014); *Allen v. Lowe's Home Centers, Inc.*, No. 6:11-cv-01813, 2012 WL 1190255 (W.D. La. Mar. 1, 2012), report and recommendation adopted, 2012 WL 1185025 (Apr. 9, 2012); *Powell v. Wal-Mart Louisiana, LLC*, No. 1:08-cv-1689, 2009 WL 2713203 (W.D. La. Aug. 25, 2009); *Driver v. Wal-Mart Louisiana, LLC*, No. 09-786, 2009 WL 2913938 (W.D. La. Sept. 9, 2009); *Carino v. Wal-Mart Louisiana, LLC*, No. 05-1978, 2006 WL 335784 (W.D. La. Feb. 9, 2006); *Carter v. Wal-Mart Stores, Inc.*, No. 04-0072, 2005 WL 1831092 (W.D. La. July 28, 2005).

[13]    *Carriere v. Sears*, 893 F.2d at 102.  See, also, Rule 56(f)(3) of the Federal Rules of Civil Procedure.

plaintiff's claim against Mr. Dietz, but dismissing it without prejudice.[14]  Notice is provided to the plaintiff, and the plaintiff has a reasonable opportunity to respond, i.e. the fourteen days in which to object to this report and recommendation.

## CONCLUSION

For the reasons stated above, the undersigned finds that defendant Brent Dietz was improperly joined as a defendant in this lawsuit.  The undersigned further finds that, when Mr. Dietz's citizenship is disregarded because he was improperly joined, this Court has jurisdiction over this action because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional minimum.  In light of these findings, the undersigned recommends that summary judgment in favor of Mr. Dietz and against the plaintiff, Ms. Marks, be entered *sua sponte*, and the plaintiff's claims against Mr. Dietz be dismissed with prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after

---

[14]     *Wright v. ANR Pipeline Co.*, No. 15-30741, 2016 WL 3268733, at *2 (5th Cir. June 14, 2016) (unpublished opinion).

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 6th  day of July 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE